UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| KATHY S. SAWYER-HECKSEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cv-1046 |
| ) | |
| REAL TIME ) | Honorable Paul L. Maloney |
| RESOLUTIONS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**REPORT AND RECOMMENDATION**

This is a civil action brought *pro* se by Kathy Sawyer-Hecksel.[1] The lawsuit stems from residential mortgage loan transactions related to real property located at 3765 Kimberly Court, SE, Grand Rapids, Michigan. On November 29, 2017, plaintiff filed this lawsuit. She named ten John Does and Real Time Resolutions, Inc. (RTR), as defendants. Plaintiff claims that defendants violated the Michigan Consumer Protection Act (Count I) and the Real Estate Settlement Procedures Act (Count II).

The matter is now before the Court on defendant RTR's motion to dismiss or in the alternative for summary judgment (ECF No. 5) and plaintiff's motion to amend her complaint (ECF No. 15). Upon review, I recommend that all plaintiff's claims against John Doe defendants be dismissed under Rule 4(m) of the Federal Rules of

---

[1] Plaintiff is limited to representing herself on her own claims. *See* 28 U.S.C. § 1654; *see also Belser v. Woods*, No. 2:16-cv-134, 2016 WL 6975936, at *5 (W.D. Mich. Nov. 29, 2016) (collecting cases). She is not a licensed attorney and cannot act in a representative capacity.

Civil Procedure. I recommend that defendant RTR's motion to dismiss under Rule 12(b)(6) be granted. I recommend that the Court dismiss RTR's alternative request for summary judgment without prejudice. I recommend that plaintiff's motion to amend be denied as futile.

## DISCUSSION

### I. Unserved Defendants

On November 29, 2017, plaintiff filed this lawsuit. (ECF No. 1). More than ninety days have passed since plaintiff filed the complaint and none of the Doe defendants have been identified or served. Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

I recommend that all plaintiff's claims against John Doe defendants be dismissed under Rule 4(m) for failure to achieve service of process. This report and recommendation serves as plaintiffs' notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x. 386, 393-94 (6th Cir. 2008).

### II. Motion to Dismiss

#### A. Applicable Standard

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2)

of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions.  *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor.  *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).  Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences.  *See Total Benefits Planning*, 552 F.3d at 434.  "To survive a motion to dismiss, the [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.' " *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010)

(quoting *Twombly*, 550 U.S. at 570); *see also Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (Plaintiff "must meet the requirements of *Twombly* and *Iqbal* for each of h[er] claims in order to survive a Rule 12(b)(6) motion to dismiss."). In addition, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if she pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

B. <u>Allegations</u>

In November 2005, Daniel Sawyer executed a home equity loan agreement in an original face amount of $24,624.00. (Compl. ¶ 9, ECF No. 1, PageID.2; ECF No. 5-1, PageID.36-46). The loan to Mr. Sawyer was secured by a mortgage on the

residential property at 3765 Kimberly Court SE, Grand Rapids, Michigan. The mortgage was signed by plaintiff and Mr. Sawyer. (Compl. ¶ 9, ECF No. 1, PageID.2; ECF No. 5-2, PageID.48-51).

On May 4, 2010, Judge Kathleen Feeney entered a judgment of divorce in Kent County Circuit Court terminating the marriage of plaintiff and Daniel Sawyer. (ECF No. 5-3, PageID.53-54). The judgment contained the following provisions regarding the property at 3765 Kimberly Court:

> The Plaintiff/Counter Defendant [Kathy S. Sawyer] is awarded the parties' real property located at 3765 Kimberly Ct., SE, Grand Rapids, Michigan . . . free and clear of any interest of the Defendant/Counter Plaintiff [Daniel Sawyer], and shall assume responsibility for and pay all mortgages on said property, taxes and assessments. The issue of whether the Plaintiff/Counter Defendant shall hold the Defendant/Counter Plaintiff harmless for any amount of said debts shall remain undetermined and either party, upon motion, may ask for the Court to determine that issue in the future if it is necessary.[2] The Defendant/Counter Plaintiff shall quit claim his interest in the property, and upon his failure to do so, a certified copy of this Judgment may be recorded with like effect."

(*Id.* at PageID.54). Daniel Sayer provided plaintiff with the quit-claim deed required under the judgment of divorce. (ECF No. 5-4, PageID.56). On August 16, 2010, Daniel Sawyer signed a power of attorney granting plaintiff the power to take various actions. (ECF No. 5-5, PageID.59-60).

In April of 2011, plaintiff signed a loan modification agreement on Daniel Sawyer's behalf acting through her power of attorney. The loan modification agreement indicated that the new principal balance owed by Daniel Sawyer was

---

[2] There is nothing before the Court suggesting that Mr. Sawyer or plaintiff filed a motion asking Judge Feeney for relief under this provision of her judgment. Plaintiff did not name Mr. Sawyer as a defendant in this lawsuit.

$27,060.26.[3]  (Compl. ¶ 11, ECF No. 1, PageID.2; ECF No. 5-6, PageID.65-67).

On July 19, 2017, plaintiff sent RTR correspondence that she labeled as a qualified written request under RESPA.  (Compl. ¶¶ 13, 24, ECF No. 1, PageID.2, 4; ECF No. 5-7, PageID.69-82).  RTR provided a response. (Compl. ¶ 26, ECF No. 1, PageID.5; ECF No. 5-8, PageID.84-85; ECF No. 5-9, PageID.88-144).

    C.    <u>Michigan Consumer Protection Act</u>

In Count I, plaintiff claims a violation of the Michigan Consumer Protection Act (MCPA).  "This claim fails because § 4(1)(a) of the MCPA exempts from its coverage '[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States.'"  *Karmol v. Ocwen Loan Servicing, LLC*, No. 1:16-cv-1178, 2016 WL 7188742, at *2 (W.D. Mich. Dec. 11, 2016) (quoting MICH. COMP. LAWS § 445.904(1)(a)).  Michigan's courts have held that residential mortgage loan transactions fall under this exemption.[4]  *See Newton v. West*, 686 N.W.2d 491, 493-94 (Mich. Ct. App. 2004).  "[F]ederal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions." *Johnson v. U.S. Bank N.A.*, No. 16-14013, 2017 WL 4236545, at *8 (E.D. Mich. Sept. 25, 2017) (quoting *Chungag v. Wells Fargo Bank, N.A.*, No. 10-

---

[3] Plaintiff indicated at the hearing that no payments were made on the loan after November 2011.

[4] *Dressel v. Ameribank*, 635 N.W.2d 328 (Mich. Ct. App. 2001) is the only case that plaintiff cites in support of this claim.  (Plf. Brief at 7, ECF No. 7, PageID.155).  It has been overruled by the Michigan Supreme Court.  *See Dressel v. Ameribank*, 664 N.W.2d 151 (Mich. 2003).

14648, 2011 WL 672229, at *4 (E.D. Mich. Feb. 17, 2011)); *see Haskins v. Wilmington Savings Fund Society, FSB*, No. 1:16-cv-941, 2017 WL 1396149, at *7 (W.D. Mich. Jan. 5, 2017). RTR is entitled to judgment in its favor as a matter of law on plaintiff's MCPA claim.

    D.    <u>RESPA</u>

In Count II plaintiff claims a violation of RESPA, specifically 12 U.S.C. § 2605. (ECF No. 1, PageID.4-5). "RESPA and its implementing regulations describe the duties owed by mortgage loan servicers to borrowers." *Spaulding v. Citifinancial Servicing, LLC*, No. 16-30173, 2018 WL 1698263, at *3 (D. Mass. Apr. 6, 2018) (citation and quotation omitted). "A servicer that fails to comply with [section 2605] obligations is liable to the borrower for 'any actual damages to the borrower *as a result of the failure*,' any additional damages 'in the case of a pattern or practice of noncompliance,' and costs and attorneys' fees." *Kantz v. Bank of Am., N.A.*, No. 3:17-cv-51, 2018 WL 1948164, at *5 (M.D. Tenn. Apr. 25, 2018) (quoting 12 U.S.C. § 2605(f)(1), (3)).

Plaintiff lacks standing to bring a RESPA claim for damages because she is not a "borrower." 12 U.S.C. § 2605(f); s*ee Nelson v. Nationstar Mortg. LLC*, No. 7:16-cv-307, 2017 WL 1167230, at *3 (E.D.N.C. Mar. 28, 2017) ("Because plaintiff did not sign the promissory note and has not assumed the loan, she is not a borrower under RESPA."); *see also Spaulding v. Citifinancial Servicing, LLC*, 2018 WL 1698263, at *3 (collecting cases); *Sayles v. BSI Fin. Services*, No. 4:15-cv-612, 2016 WL 304541, at *2 (E.D. Mo. Jan. 25, 2016) (same); *Cooper v. Fay Servicing, LLC*, 115 F. Supp. 3d

900, 909 (S.D. Ohio 2015) ("12 U.S.C. § 2605 specifies that civil liability under RESPA is limited to borrowers.").[5] "RESPA expressly limits potential claims to the 'borrower' and courts have declined to expand the meaning of that term." *Estate of Dawson v. Ditech Fin., LLC*, No. 4:17-cv-93, 2017 WL 3471425, at *3 (E.D. Va. Aug. 11, 2017).

Even assuming that plaintiff could overcome her lack of standing, her complaint fails to state a viable RESPA claim. A plaintiff must plead facts sufficient to establish actual damages as a "borrower" as well as a causal link between the alleged deficient response to a qualified written request and the borrower's injuries. *See* 12 U.S.C. § 2605(f); *see also Martini v. JPMorgan Chase Bank, N.A.*, 634 F. App'x 159, 164 (6th Cir. 2015); *accord Wirtz v. Specialized Loan Servicing, LLC*, 886 F.3d 713, 718 (8th Cir. 2018) ("[A]n assertion that a servicer breached a duty under RESPA without causing actual harm does not state a claim under the statute[.]"). Conclusory damage allegations are insufficient to state a RESPA claim. See *Kantz*, 2018 WL 1948164, at *5; *Pike v. Bank of Am., N.A.*, No. 1:14-cv-2529, 2016 WL 614013, at *6 (N.D. Ohio Feb. 16, 2016).

Plaintiff alleges that she "was damaged as a result of Defendant's failure to respond since Plaintiff made numerous mortgage payments to a fraudulent loan balance." (Compl. ¶ 27, ECF No. 1, PageID.5). She also states that she "suffered the slander of her representation [sic] due to the fact that an illegitimate loan balance

---

[5] RESPA does not provide for equitable relief. *See Garrow v. Wells Fargo Bank, N.A.*, No. 1:15-cv-1277, 2016 WL 1637441, at *3 (W.D. Mich. Apr. 26, 2016); *see also McGhee v. Ditech Fin. LLC*, No. 2:16-cv-14266, 2017 WL 4120107, at *3 (E.D. Mich. Sept. 18, 2017) (collecting cases).

ha[d] been attributed to her and reported to credit reporting agencies and bureaus." (*Id.*). Plaintiff offers no explanation how she could have suffered actual damages caused by an inadequate response to a July 19, 2017, written request where the last payment made on the mortgage was in 2011. Her complaint contains no factual allegations regarding RTR making a report to credit reporting agencies or bureaus on or after July 19, 2017, regarding a debt owed by plaintiff. Plaintiff did not plead facts sufficient to state a RESPA claim.

### III.  Motion for Leave to Amend

Plaintiff seeks leave to amend her complaint. "[L]eave to amend a complaint may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party for virtue of allowance of the amendment, futility of amendment[.]" *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 440 (6th Cir. 2016) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Plaintiff's motion to amend should be denied as futile.

####   A.  MCPA

Count I of plaintiff's proposed amended complaint is a claim under the MCPA. (ECF No. 15-1, PageID.200-02). It fails to state a claim for the reasons previously stated.

B.  RESPA

Counts III and V of the proposed amended pleading are labeled as RESPA claims. (ECF No. 15-1, PageID.202-04, 208-09). Counts III and V fail to state a claim for the reasons previously stated and the additional reasons stated below.

The proposed amended complaint establishes with even greater clarity that plaintiff is not a borrower entitled to recover damages under RESPA. Exhibit 11 attached to the proposed pleading is a September 4, 2012, letter from RTR to Michigan's Attorney General in which "RTR acknowledge[d] that the promissory note for the account [did] not obligate [plaintiff] to repay the amounts due under the Account." (ECF No. 15-4, PageID.292). Further, the modification agreement "does not state that [plaintiff] is obligated to repay any amounts due under the terms of the modified Account." (*Id.*). Daniel Sawyer is the borrower.

Plaintiff also appears to be claiming payments she made to "The Fresh Start Firm" as actual damages. (ECF No. 15-1, PageID.201; ECF No. 15-5, PageID.314). Whatever this company is doing or may have done for plaintiff is not pled with sufficient clarity to support any claim for damages.[6] A memorandum entry of "RTR Pro Se Lit." on plaintiff's canceled check for $1900 to the "The Fresh Start Firm" (ECF No. 15-5, PageID.318) certainly supports RTR's theory that the company is providing behind-the-scenes legal services. (Def. Brief at 13-14, ECF No. 22, PageID.344-45). Whether anyone at "The Fresh Start Firm" is licensed to practice law in Michigan

---

[6] Plaintiff states in her reply brief that she "hired Fresh Start to initiate a lengthy QWR to Real Time Resolutions" and "determine[] if the documents were sufficient and in compliance with the RESPA Act." (Reply Brief at 2-3, ECF No. 26, PageID.470-71).

cannot be determined on this record. It is evident, however, that no attorney licensed to practice law and admitted as a member of the bar of this Court has filed an appearance indicating that he or she is representing plaintiff.

Purported RESPA claims based on events in the remote past are time barred. Plaintiff invokes section 2605. (ECF No. 15-1, PageID.202, 208). Such claims are subject to a three-year statute of limitations. *See* 12 U.S.C. § 2614; *Golliday v. First Direct Mortg. Co.,* No. 1:09-cv-526, 2009 WL 5216141, at *6 (W.D. Mich. Dec. 29, 2009); *see also Nino v. Flagstar Bank, FSB*, No. 2:16-cv-14407, 2018 WL 1556235, at *2 (E.D. Mich. Mar. 30, 2018).

C.     Michigan Occupational Code

Count II of the proposed amended complaint is a claim that RTR violated a provision of the Michigan Occupational Code, MICH. COMP. LAWS § 339.915(e). (ECF No. 15-1, PageID.202). Plaintiff alleges that, on occasions after she filed this lawsuit,[7] RTR Staff Attorney Samuel Trakhtenboit and later Attorney Mark Jarabek of Plunkett Cooney, P.C., "contacted the [p]laintiff in an attempt to collect a debt via email by way of settlement." (ECF No. 15-1, PageID.202; ECF No. 15-4, PageID.254-62). In addition to discussions regarding the settlement of this lawsuit, the

---

[7] Proposed claims based on events that allegedly occurred after plaintiff filed her complaint are more accurately described as proposed supplements under FED. R. CIV. P. 15(d) than proposed amendments under FED. R. CIV. P. 15(a)(2). Here the distinction is not critical because under either rule plaintiff must obtain leave of Court to alter her pleading, and denial of the motion is appropriate where the proposed pleading could not withstand a Rule 12(b)(6) motion to dismiss. *See Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC*, 731 F. App'x 431, 436-37 (6th Cir. 2018).

communications include counsel's compliance with the mandatory requirements of W.D. MICH. LCIVR. 7.1(d) to determine whether defendant's motion to dismiss would be opposed and serving plaintiff with copies of defendant's briefs.

Section 339.915(e) "prohibits licensed collection agencies from '[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication' with a debtor." *Duffey v. Nationstar Mortg.*, 614 F. App'x 330, 333 (6th Cir. 2015). Plaintiff's proposed claim does not satisfy the statutory requirements.

RTR is does not fall within the definition of a collection agency. *See* MICH. COMP LAWS § 339.901(b). The statutory definition of a collection agency "does not include a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency such as, but not limited to, the following: . . . (vii) A business that is licensed by this state under a regulatory act that regulates collection activity." *Id.* RTR is licensed under the Mortgage Brokers, Lenders, and Servicers Licensing Act, MICH. COMP. LAWS § 445.1651 as a broker, lender and servicer. Its actions were those of a mortgage servicer are regulated by Michigan's Department of Insurance and Financial Services. RTR is not a collection agency as defined by the statute. *See Gold v. Ocwen Loan Servicing, LLC*, No. 2:17-cv-11490, 2017 WL 6342575, at *2 (E.D. Mich. Dec. 12, 2017); *Cataldi v. Ocwen Loan Servicing, LLC*, No. 17-11487, 2017 WL 5903440, at *4 (E.D. Mich. Nov. 30, 2017)

In addition, plaintiff falls outside the definition an individual entitled to the protection of this statute. A "'Consumer' or 'debtor' means an individual who is

obligated or allegedly obligated to pay a debt." MICH COMP. LAWS § 339.901(f). Daniel Sawyer signed the home equity line of credit agreement (ECF No. 15-1, PageID.193-94) and plaintiff signed a loan modification agreement on Daniel Sawyer's behalf acting through her power of attorney. Plaintiff provides no facts indicating that she was "allegedly obligated to pay a debt." She is not personally liable for repayment of her ex-husband's loan. (Def. Brief at 9, ECF No. 22, PageID.340). Negotiating a settlement of this lawsuit and a potential release of a secured interest in the Kimberly Court property is not a prohibited communication, and plaintiff is not a consumer or debtor as defined by the statute.

D.   Fair Debt Collection Practices Act

In proposed Count IV, plaintiff seeks to add Plunkett & Cooney, P.C., the law firm representing RTR, as a defendant.[8] Plaintiff's proposed Fair Debt Collection Practices Act (FDCPA) claim is based on a theory that settlement discussions regarding this lawsuit violated the FDCPA. (ECF No. 15-1, PageID.204-08; ECF No. 15-4, PageID.254-62). The FDCPA does not encompass " 'communications' inherent in an ordinary lawsuit[.]" *See Heintz v. Jenkins*, 514 U.S. 291, 294 (1995). Settlement discussions between the defendant's attorneys and a *pro se* plaintiff during the course of a consumer-initiated lawsuit do not constitute "communications" as defined by the FDCPA. *See In re Chapman*, 49 F. App'x 636, 638 (7th Cir. 2002); *see also Forgues v.*

---

[8] Plaintiff invokes the Court's diversity jurisdiction. (ECF No. 15-1, PageID.192). Plaintiff is a Michigan resident and Plunkett & Cooney, P.C. is a Michigan corporation with its principal place of business in Michigan. (Id. at PageID.193). Adding a Michigan corporation as a defendant would eliminate diversity jurisdiction under 28 U.S.C. § 1332.

*Carpenter Lipps & Leland LLP*, No. 1:16-cv-2576, 2017 WL 4296188, at \*6 (N.D. Ohio Sept. 28, 2017); *Penn v. Cumberland*, 883 F. Supp.2d 581, 588 n.7 (E.D. Va. 2012).

### Recommendation

Accordingly, and for the reasons stated herein I recommend that all plaintiff's claims against John Doe defendants be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. I recommend that defendant RTR's Rule 12(b)(6) motion to dismiss be granted. I recommend that the Court dismiss RTR's alternative request for summary judgment without prejudice. I recommend that plaintiff's motion to amend her complaint be denied as futile.

Dated:   August 28, 2018          /s/  Phillip J. Green
                                  PHILLIP J. GREEN
                                  United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).